In the Matter of the Claim of GERTRUDE GELBIN for Compensation under the Workmen's Compensation Law, Arising Out of the Death of EDWARD GELBIN, Claimant, Respondent, against METRO GOLDWYN MAYER PICTURES, Employer, and UNITED STATES FIDELITY AND GUARANTY Co., Insurance Carrier, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, January 22, 1941.

*Jeremiah F. Connor,* for the appellants.

*John J. Bennett, Jr., Attorney-General [Roy Wiedersum, Assistant Attorney-General,* of counsel], for the State Industrial Board, respondent.

*Emmanuel Lewin* [*Milton W. Levy* of counsel], for the claimant, respondent.

SCHENCK, J. Claimant's husband was killed on August 7, 1929, while in the employment of Metro Goldwyn Mayer Pictures. In September, 1929, the claimant filed a claim for compensation together with a notice of election to sue a third party. Hearings on the compensation claim before the State Industrial Board were adjourned while plaintiff presented her third-party action against the New York, New Haven & Hartford Railroad Company.

A judgment of $117,065.23 was finally entered in claimant's favor against the railroad company, which prior to that time, however, had filed a petition for reorganization under section 77B of the Bankruptcy Act. As a result the judgment was not collected and has not been, although over five years have elapsed since the entry thereof. No plan for the payment of creditors has been promulgated although the claimant has taken all possible steps to enforce her judgment.

The respondent insurance carrier, however, has refused to pay compensation although a plan has been worked out by which claimant would assign her judgment to the said carrier to the extent of compensation payments made to her and her children. The carrier contends that as claimant has made an election to sue a third party and has obtained a judgment which might be collectible in the future, she cannot now claim compensation payments. With this argument I do not agree.

Regardless of the question of whether or not the amendment to section 29 of the Workmen's Compensation Law by chapter 684 of the Laws of 1937 permitting a claimant to sue a third party and also accept compensation is retroactive so as to cover this case, this insurance carrier is not excused from paying compensation by the mere recovery of a judgment by the claimant. The judgment has not been satisfied and conceivably may never be satisfied. Nor can satisfaction of said judgment be enforced by any proceeding whatsoever at the present time in view of the pending bankruptcy proceedings. Assignment of claimant's judgment to the extent of compensation payments provides the insurance carrier with the same protection which it argues is afforded to the claimant. At the same time this plan prevents the carrier from escaping its legal liability.

The State Industrial Board has been held by this court to have power and jurisdiction to grant a reformation of a policy of compensation insurance " if the record and evidence which may be submitted so warrant." (*Matter of McMahon* v. *Gretzula*, 238

App. Div. 877; S. C., 242 id. 742; affd., 267 N. Y. 573. See, also, *Royal Indemnity Co.* v. *Heller*, 256 id. 322, 325-327.)

Equity may relieve one who has made an improvident election of a remedy, under the mistaken impression that it was a better remedy than the alternative which he could have chosen. (*Standard Oil Co.* v. *Hawkins*, 74 Fed. 395, 398; *Matter of Curtis*, 94 id. 630, 632; *Johnsen* v. *American-Hawaiian S. S. Co.*, 98 F. [2d] 847, 851.)

The claimant has not recovered a penny of actual money and the carrier should be required to pay compensation in accordance with the law and under the terms of its contract.

The award should be affirmed.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Award affirmed, with costs to the State Industrial Board.